# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| ORTHOSIE SYSTEMS LLC | § |
| | § |
| | § Civil Action No. 4:16-CV-00873 |
| v. | § Judge Mazzant |
| | § |
| ACTSOFT, INC. | § |
| | § |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Actsoft, Inc.'s ("Actsoft") Motion to Dismiss With Prejudice Second Amended Complaint for Patent Infringement Based on Improper Venue (Dkt. #39). The Court, having considered the relevant pleadings, finds that Actsoft's motion should be denied.

### BACKGROUND

On November 14, 2016, Orthosie Systems, LLC ("Orthosie") sued Actsoft for infringement of U.S. Patent No. 7,430,471 ("the '471 Patent") (Dkt. #1). In response, Actsoft filed its Motion to Dismiss and Alternative Motion for More Definite Statement on January 31, 2017 (Dkt. #7). The basis for Actsoft's motion to dismiss was failure to state a claim upon which relief can be granted under Rule 12(b)(6). Actsoft made no assertion that venue was improper in this motion. On February 6, 2017, Orthosie amended its complaint (Dkt. #13). Following the amendment, Actsoft filed its Motion to Dismiss Amended Complaint for Patent Infringement and Alternative Motion for More Definite Statement (Dkt. #15). Again, Actsoft made no assertion that venue was improper. Instead, pursuant to Federal Rule of Civil Procedure 12(b)(6), Actsoft argued that Orthosie failed to meet the pleading standard established by Federal Rule of Civil Procedure 8(a). Then, Orthosie requested leave to file a second amended complaint (Dkt. #16), which the

Court granted on March 20, 2016 (Dkt. #22). Subsequently, Actsoft filed its Motion to Dismiss with Prejudice Second Amended Complaint for Patent Infringement arguing that Orthosie's claims are based on legally insufficient allegations under Federal Rule of Civil Procedure 12(b)(6) (Dkt. #24). Actsoft made no argument that venue was improper.

After the Supreme Court issued its opinion in *TC Heartland LLC v. Kraft Food Brands Group LLC*, Actsoft filed the present motion to dismiss arguing that the Supreme Court's new holding made venue improper in the Eastern District of Texas (Dkt. #39).

**APPLICABLE LAW**

If venue is not proper in the district or division where the case is filed, the case may be dismissed under Federal Rule of Civil Procedure 12(b)(3). Alternatively, under § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

However, Federal Rule of Civil Procedure 12(h)(1) "advises a litigant to exercise great diligence in challenging personal jurisdiction, venue, or service of process. If he wishes to raise any of these defenses he must do so at the time he makes his first defensive move." *Golden v. Cox Furniture Mfg. Co. Inc.*, 683 F.2d 115, 118 (5th Cir. 1982). Under Federal Rule of Civil Procedure 12(h)(1), "[a] party waives any defense listed in rule 12(b)(2)-(5) by . . . omitting it from a motion in the circumstances described in Rule 12(g)(2)." FED. R. CIV. P. 12(h)(1)(A). Federal Rule of Civil Procedure 12(g) provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." FED. R. CIV. P. 12(g)(2). Accordingly, a party must assert any Rule 12(b)(3) motion that is available at the time it files any Rule 12 motion. *Elbit Sys. Land &*

*C41 Ltd. v. Hughes Network Sys, LLC*, No. 2:15-cv-37, 2017 WL 2651618, at *20 (E.D. Tex. June 20, 2017) (citing *e.g.*, *Peacock v. Ins. & Bonds Agency of Tex., PLLC*, No. 3:12-CV-1710-D, 2012 WL 3702920, at *1 (N.D. Tex. Aug. 28, 2012)).

## ANALYSIS

Actsoft filed its first Rule 12 motion on January 31, 2017, by filing a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, and, in the alternative, a 12(e) motion for a more definite statement. At that time, Actsoft did not attempt to file a motion to dismiss under Federal Rule of Civil Procedure 12(b)(3) for improper venue. Moreover, Actsoft filed two additional Rule 12 motions after Orthosie amended its complaint, neither of these motions were based on improper venue under 12(b)(3). Thus, Actsoft waived its defense to improper venue by failing to timely move or plead such a defense, assuming that such a defense was available at the time Actsoft filed its 12(b)(6) motion. FED. R. CIV. P. 12(g)(2); FED. R. CIV. P. 12(h)(1)(A).

Actsoft argues that "the defense of improper venue was not available to Actsoft until very recently." (Dkt. #39 at 1). Actsoft contends that the Supreme Court's recent holding in *TC Heartland* changed the law because it overruled the Federal Circuit's decision in *VE Holding Corporation v. Johnson Gas Appliance Company*, 917 F.2d 1574, 1584 (Fed. Cir. 1990). As such, Actsoft maintains that it did not waive its improper venue defense.

However, the Supreme Court's decision in *TC Heartland* does not constitute a change in the law. *See Elbit Sys.*, 2017 WL 2651618, at *20 (citing *Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, No. 2:15-cv-21, 2017 WL 2556679, at *3 (E.D. Va. June 7, 2017)); *Navico, Inc. v. Garmin Int'l, Inc.*, No. 2:16-cv-190, Dkt. #163 (E.D. Tex. July 11, 2017) (citing *Cobalt Boats*, 2017 WL 2556679, at *3; *Elbit Sys.*, 2017 WL 2651618, at *20; *Chamberlin Grp., Inc. v. Techtronic Indus.*

*Co.*, No 1:16-cv-6097, Dkt. #407 (N.D. Ill. June 28, 2017); *iLife Techs. Inc. v. Nintendo of America, Inc.*, No. 3:13-cv-4987, 2017 WL 2778006, at *7 (N.D. Tex. June 27, 2017); *Amax, Inc. v. ACCO Brands Corp.*, No. 16-CV-10695-NMG, 2017 WL2818986, at *3 (D. Mass. June 29, 2017); *Infrogation Corp. v. HTC Corp.*, 16-CV-01902-H-JLB, 2017 WL 2869717, at *4 (S.D. Cal. July 5, 2017)); *see also Koninklijke Philips v. ASUSTeK Computer Inc.*, No. 1:15-cv-1125-GMS, Dkt. #215 (D. Del. July 19, 2017). *Contra Westech Aersol Corp. v. 3M Co.*, 3:13-cv-5067, 2017 WL 2671297, at *2 (E.D. Wash. June 21, 2107); *Hand Held Prods. Inc. v. Code Corp.*, 2:17-cv-167, Dkt. # 63 (D.S.C. July 18, 2017). The Supreme Court in *TC Heartland* reaffirmed its earlier holding found in *Fourco Glass Company v. Transmirra Products Corporation* that 28 U.S.C. § 1400(b) is the "sole and exclusive provision controlling venue in patent infringement actions." 353 U.S. 222, 229 (1957). *Accord Elbit Sys.*, 2017 WL 2651618, at *20 (citing *Cobalt Boats*, 2017 WL 2556679, at *3); *Navico*, No. 2:16-cv-190, Dkt. #163, at *5. Further, the Supreme Court in *TC Heartland* explained that in "*Fourco*, this Court definitively and unambiguously held that the word 'reside[nce]' in § 1400(b) has a particular meaning as applied to domestic corporations: It refers only to the State of incorporation." *TC Heartland LLC v. Kraft Food Group Brands LLC*, 137 S.Ct. 1514, 1520 (2014) (alteration in original).

While *VE Holding* allowed parties to use 28 U.S.C. § 1391(c) to establish venue, this holding did not overrule *Fourco* "because the Federal Circuit cannot overturn Supreme Court precedent." *Elbit Sys.*, 2017 WL 2651618, at *20 (citing *Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.*, 460 U.S. 533, 535 (1983)). A*ccord Navico, Inc.*, No. 2:16-cv-190, Dkt. #163. Accordingly, the defense of improper venue, based on § 1400(b)'s definition of residence established in *Fourco*, was available to Actsoft, and has been available to all defendants, since 1957. Thus, even though Actsoft initially relied on the Federal Circuit's holding in *VE Holding* to

4

determine whether venue was proper, it did so at its own risk of waiving the venue defense established under *Fourco*, which has now been reaffirmed by *TC Heartland*.

## CONCLUSION

It is therefore **ORDERED** that Actsoft's Motion to Dismiss With Prejudice Second Amended Complaint for Patent Infringement Base on Improper Venue (Dkt. #39) is hereby **DENIED**.

**SIGNED this 25th day of July, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE