# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| ORTHOSIE SYSTEMS, LLC, | § § | |
| v. | § § | Civil Action No. 4:16-CV-00873 |
| | § | Judge Mazzant |
| ACTSOFT, INC. | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Actsoft, Inc.'s Motion to Dismiss with Prejudice Plaintiff's Second Amended Complaint for Patent Infringement ("Motion to Dismiss") (Dkt. #24). The Court, having considered the relevant pleadings, finds that Defendant's motion should be denied.

## BACKGROUND

On November 14, 2016, Orthosie Systems, LLC ("Orthosie") sued Actsoft, Inc. ("Actsoft") for infringement of U.S. Patent No. 7,430,471 ("the '471 Patent") (Dkt. #1). In response, Actsoft filed its Motion to Dismiss and Alternative Motion for More Definite Statement on January 31, 2017 (Dkt. #7). On February 6, 2017, Orthosie amended its complaint (Dkt. #13). Following the amendment, Actsoft filed its Motion to Dismiss Amended Complaint for Patent Infringement and Alternative Motion for More Definite Statement (Dkt. #15). Then, on March 1, 2017, Orthosie requested leave to file a second amended complaint ("Motion for Leave") (Dkt. #16) and separately filed its Second Amended Complaint for Patent Infringement (Dkt. #17). The Court granted Orthosie's Motion for Leave and also denied Actsoft's Motion to Dismiss Amended Complaint for Patent Infringement and Alternative Motion for More Definite Statement as moot on March 20, 2017 ("the Court's March 20th Order") (Dkt. #22). Subsequently, on April 10, 2017,

Actsoft filed its Motion to Dismiss (Dkt. #24). On April 24, 2017, Orthosie filed a response (Dkt. #27). On May 1, 2017, Actsoft filed a reply (Dkt. #28) and Orthosie filed a sur-reply (Dkt. #29).

**ANALYSIS**

Orthosie asks the Court to deny Actsoft's Motion to Dismiss because the motion was filed late. Actsoft responds that it filed its motion to dismiss early. Actsoft reasons that Orthosie has still not filed its Second Amended Complaint. Actsoft asserts that Orthosie did not have leave to file its Second Amended Complaint on March 1, 2017. Therefore, Actsoft argues that filing was improper. Further, Actsoft maintains that after the Court granted leave, Orthosie never filed its Second Amended Complaint.

Actsoft's argument is misguided. Pursuant to the United States District Court for the Eastern District of Texas Local Rules ("Local Rules"), a party moving "for leave to file a document should [file the motion] separately and immediately before the document for which leave is sought." LOCAL RULE CV-7(k). Further, "if the motion for leave to file is granted, the document will be deemed to have been filed as of the original date of its filing." LOCAL RULE CV-7(k). As such, Orthosie followed the Local Rules when it filed its Second Amended Complaint immediately after filing its Motion for Leave, and the Second Amended Complaint is deemed filed as of March 1, 2017.

As to whether Actsoft's Motion to Dismiss is untimely, the Court turns again to the Local Rules and to the Federal Rules of Civil Procedure. A responsive pleading to an amended complaint, "must be made within the time remaining to respond to the original pleading or within [fourteen] days after service of the amended pleading, whichever is later." FED. R. CIV. P. 15(a)(3). Additionally, pursuant to the Local Rules, if a plaintiff seeks leave to file an amended complaint,

"[t]he time for filing any responsive documents will run from the date of the order on the motion for leave." LOCAL RULE CV-7(k).

Here, the time to respond to the original pleading has already passed. Consequently, the time period in this case is fourteen days after service of the order granting leave to file the amended complaint. *See* FED. R. CIV. P. 15(a)(3); LOCAL RULE CV-7(k). The Court granted leave to file the Second Amended Complaint in the Court's March 20th Order and Counsel of record received notice of the Order. As such, Actsoft's Motion to Dismiss was due by April 3, 2017, fourteen days from March 20th. Because, Actsoft filed its Motion to Dismiss on April 10, 2017, seven days after the deadline established by Federal Rule of Civil Procedure 15 and the Local Rules, the Motion to Dismiss is untimely.

Actsoft's Motion to Dismiss is also late pursuant to Rule 12(a)(4). Pursuant to Federal Rule of Civil Procedure 12(a)(4), if a motion under Rule 12 is denied, "[t]he responsive pleadings must be served within [fourteen] days after notice of the court's action." FED. R. CIV. P. 12(a)(4). In the Court's March 20th Order, the Court denied Actsoft's previous motion to dismiss (Dkt. #15) as moot. Accordingly, the Court's March 20th Order triggered the fourteen-day time period for Actsoft to file a responsive pleading. As previously stated, the fourteen days ended on April 3, 2017, and Actsoft filed its Motion to Dismiss on April 10, 2017, seven days later. Therefore, the Motion to Dismiss is late under Rule 12 of the Federal Rules of Civil Procedure.

## CONCLUSION

It is therefore **ORDERED** that Defendant Actsoft, Inc.'s Motion to Dismiss with Prejudice Plaintiff's Second Amended Complaint for Patent Infringement (Dkt. #24) is hereby **DENIED**.

**SIGNED this 25th day of September, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE